## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LANDMARK SNACKS LLC, and UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NUMBER W30D3D210101, as subrogee of Landmark Snacks LLC;<br><br>       **Plaintiffs,**<br><br>    vs.<br><br>**GILMAN CHEESE CORPORATION,**<br><br>       **Defendant/Third Party Plaintiff,**<br><br>    vs.<br><br>**COOPERATIVE DAIRY MARKETING, LLC,**<br><br>       **Third Party Defendant.** | **8:24CV42**<br><br><br>**ORDER** |

This matter is before the Court on the Intervenor's Motion for Leave to File Complaint in Intervention (Filing No. 41) filed by Scottsdale Insurance Company ("Scottsdale").  Scottsdale requests leave to file a Third-Party Complaint in intervention against Cooperative Dairy Marketing, LLC ("Cooperative Dairy"), the manufacturer of the recalled cheese sticks at issue in this litigation, which were supplied by Gilman Cheese Corporation ("Gilman") to Landmark Snacks LLC ("Landmark").  Scottsdale seeks to intervene because, pursuant to a Recall Insurance Policy issued to Gilman Cheese Corporation, Scottsdale has provided coverage to Gilman for certain losses in connection with the recall at issue in this lawsuit, and anticipates making additional payments related to the recalled items.  Scottsdale filed a copy of the Third-Party Complaint in Intervention it intends to file against Cooperative Dairy if granted leave to intervene. See Fed. R. Civ. P. 24(c) ("The motion [to intervene] must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). The current parties to the case do not oppose the motion.

Upon review of Scottsdale's motion and brief, the Court finds Scottsdale has demonstrated the existence of an Article III case or controversy, and that it is entitled to intervene as a matter of

right.  *See Mausolf v. Babbitt*, 85 F.3d 1295, 1300-01 (8th Cir. 1996) (requiring prospective Rule 24(a) intervenors to demonstrate the existence of an Article III case or controversy); *and* Fed. R. Civ. P. 24(a)(2) ("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.").  Scottsdale's motion is timely, as the existing parties are still in early stages of discovery, the deadlines in the operative case progression order (Filing No. 40) have not expired, and additional parties may yet be added to this litigation.  See Filing No. 46 (Cooperative Dairy's motion for leave to file a third party complaint).  Accordingly,

**IT IS ORDERED:**

1. The Intervenor's Motion for Leave to File Complaint in Intervention (Filing No. 41) filed by Scottsdale Insurance Company is granted.
2. Scottsdale Insurance Company shall file its proposed Third-Party Complaint in Intervention on or before **August 26, 2024**.  The Clerk of Court shall add Scottsdale Insurance Company to the case caption as Intervenor Third-Party Plaintiff.

Dated this 19th day of August, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

2