IN THE UNITED STATES THE DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LANDMARK SNACKS LLC and UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NUMBER W30D3D21010, as subrogee of Landmark Snacks LLC,** | Case No.: 8:24cv42 |
| Plaintiffs, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| **GILMAN CHEESE CORPORATION,** | |
| Defendant/Third-Party Plaintiff, | |
| vs. | |
| **SCOTTSDALE INSURANCE COMPANY,** | |
| Intervenor Plaintiff, | |
| vs. | |
| **COOPERATIVE DAIRY MARKETING, LLC,** | |
| Third-Party Defendant/Third-Party Plaintiff, | |
| vs. | |
| **BIERY CHEESE CO., and CHEESE PIRATES, LLC,** | |
| Third-Party Defendants. | |

This matter comes before the Court on the parties' Joint Motion for Protective Order (Filing No. 80). After review of the parties' motion, the Court finds good cause enter the following protective order.

1

**I.     INTRODUCTION**

The parties by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby stipulate to the following provisions of this Stipulated Protective Order.

**II.    SCOPE OF PROTECTED INFORMATION**

In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing party or a non-party. The parties anticipate production of the following categories of protected information: cost and pricing information, internal memoranda, sales methods, customer lists, customer usages and requirements, confidential contract terms with non-parties, confidential communications with non-parties, and documents protected by a confidentiality or non-disclosure agreement with a non-party.

**III.   DESIGNATION OF PROTECTED INFORMATION**

A.    <u>Scope</u>: Any party or non-party who produces protected information in this action may designate it as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL" consistent with the terms of this Order. "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever practicable, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Notwithstanding the foregoing, the parties may designate entire documents produced in discovery as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL" if only a portion of the Document contains protected information. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried to meet and confer in good faith and memorialize such attempt in writing to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order.

Additionally, if the Documents contain trade secrets or other sensitive competitive personal or highly confidential information, then the party may add the additional designation of "CONFIDENTIAL - ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL" which shall

mean the same thing. Documents designated CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL shall constitute an additional category of protection that carries all of the protections as documents designated CONFIDENTIAL, as well as the additional protections set forth in this Order.

      B.    <u>Application to Non-Parties</u>: Before a non-party is given copies of designated information as permitted hereunder, it must first be provided a copy of this Order. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>.

      C.    <u>Timing and Provisional Protection:</u> Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree in writing at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D.    <u>Manner of Designation:</u> When producing documents in discovery, the Designating Party shall stamp, affix, or embed a legend of "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL" on each designated page of the document or electronic image. For all other types of information, information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation.

**IV.     CHALLENGES TO DESIGNATED INFORMATION**

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party by requesting, in writing, a meet and confer within 15 days to resolve the challenge, unless a different time frame is agreed upon by the parties. In the event the meet and confer does not resolve such challenge or does not occur within 15 days, unless

a different timeframe is agreed upon, either party may seek Court intervention to resolve the dispute. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order.  The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

V.     **LIMITED ACCESS/USE OF PROTECTED INFORMATION**

   A.    <u>Restricted Use</u>:  Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party.  No designated information may be disclosed to any person except in accordance with the terms of this Order.  All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained.  This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena.  Any use or disclosure of Confidential information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

   B.    <u>Access to "Confidential" Information</u>:  The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

   1. The Court, its personnel, and court reporters;
   2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder(including all in-house counsel and attorney employees of a Party);
   3. The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each person has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

4

    4. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

    5. Other witnesses or persons with the Designating Party's consent or by court order.

C. <u>Access to "CONFIDENTIAL-ATTORNEY EYES ONLY" Information</u>: No person shall disclose or permit the disclosure of any CONFIDENTIAL- ATTORNEY EYES ONLY information to any person or entity except as permitted in subparagraphs 1 - 5 below. Subject to the provisions of this Order, the following categories of persons may be allowed to review information that have been designated CONFIDENTIAL-ATTORNEY EYES ONLY as set forth herein:

    1. The Court, its personnel, and court reporters;

    2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

    3. The parties, including all in house counsel and attorney employees of a Party, shall not be allowed access to information designated Confidential-Attorney Eyes Only. However, the insurer of a party may review the information after signing Attachment A to this Order;

    4. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

    5. Other witnesses or persons with the Designating Party's consent or by Court order.

D. <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

E. <u>In-Court Use of Designated Information</u>: If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

## VI. CLAW-BACK REQUESTS

A. <u>Failure to Make Designation:</u> If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B. <u>Inadvertent Production of Privileged Information:</u> If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Upon receipt of the notice, the Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection. Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. In the event the Receiving Party does not agree with the producing party's assertion that information is subject to the attorney/client, work-product, or trial-preparation privileges, the Receiving party shall try to resolve such

disagreement informally and in good faith by requesting, in writing, a meet and confer within 15 days, unless a different timeframe is agreed upon. If the meet and confer does not resolve the issue or does not occur within 15 days, unless a different timeframe is agreed upon, the parties may seek Court intervention to resolve any related dispute.

## VII.   DURATION/CONTINUED RESTRICTIONS

A.   <u>Handling of Designated Information Upon Conclusion of Action:</u>  Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored.  Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible.  No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order.  This provision does not apply to the Court or Court staff.

B.   <u>Continued Restrictions Under this Order</u>:  The restrictions on disclosure and use of confidential information survive the conclusion of this action.

## VIII.   REQUESTS TO SEAL

This protective order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with Fed.R.Civ.P. 5.2.

**IT IS SO ORDERED.**

Dated this 7th day of January, 2025.

BY THE COURT:

_____
Michael D. Nelson
United States Magistrate Judge

7

STIPULATED AND AGREED TO:

/s/ Philip T. Carroll
Philip T. Carroll
COZEN, O'CONNOR LAW FIRM-CHICAGO
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
pcarroll@cozen.com
*Attorney for Landmark Snacks LLC; Underwriters at Lloyd's Subscribing to Policy Number W30D3D210101, as subrogee of Landmark Snacks LLC*

/s/ Michelle D. Hurley
Michelle D. Hurley
YOST, BAILL LAW FIRM
220 South Sixth Street, Suite 2050
Minneapolis, MN  55402
mhurley@yostbaill.com
*Attorney for Scottsdale Insurance Company*

/s/ Jay D. Koehn
Patrick D. Pepper
Jay D. Koehn
Donald (DJ) Rison, Jr.
McGrath North Mullin & Kratz, PC LLO
1601 Dodge Street, Suite 3700
Omaha, NE  68102
ppepper@mcgrathnorth.com
jkoehn@mcgrathnorth.com
Drison@mcgrathnorth.com
*Attorneys for Gilman Cheese Corporation*

/s/ Teirney Christenson
Teirney Christenson
YOST, BAILL LAW FIRM – WISCONSIN
2675 North Mayfair Road
Milwaukee, WI  53226
tchristenson@yostbaill.com
*Attorney for Scottsdale Insurance Company*

/s/ Jarrod P. Crouse
Jarrod P. Crouse
BAYLOR, EVNEN, WOLFE LAWE FIRM
1248 "O" Street, Suite 900
Lincoln, NE  68508-1424
jcrouse@baylorevnen.com
*Attorney for Cooperative Dairy Marketing, LLC*

/s/ Lisa M. Meyer
Lisa M. Meyer
PANSING, HOGAN LAW FIRM
10250 Regency Circle, Suite 300
Omaha, NE  68114-3728
lmeyer@pheblaw.com
*Attorney for Biery Cheese Co.*

/s/ Christopher J. Tjaden
Christopher J. Tjaden
Mary M. Schott
EVANS, DIXON LAW FIRM
11422 Miracle Hills Drive, Suite 400
Omaha, NE  68154
ctjaden@evans-dixon.com
mschott@evans-dixon.com

*Attorneys for Cheese Pirates, LLC*

IN THE UNITED STATES THE DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LANDMARK SNACKS LLC and UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NUMBER W30D3D21010, as subrogee of Landmark Snacks LLC, | Case No.: 8:24cv42 |
| Plaintiffs, | |
| vs. | **EXHIBIT A** |
| GILMAN CHEESE CORPORATION, | |
| Defendant/Third-Party Plaintiff, | |
| vs. | |
| SCOTTSDALE INSURANCE COMPANY, | |
| Intervenor Plaintiff, | |
| vs. | |
| COOPERATIVE DAIRY MARKETING, LLC, | |
| Third-Party Defendant/Third-Party Plaintiff, | |
| vs. | |
| BIERY CHEESE CO., and CHEESE PIRATES, LLC, | |
| Third-Party Defendants. | |

9

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned acknowledges having been provided with and having read the "Stipulated Protective Order" in this matter ("Protective Order"). The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

[INSERT DATE & SIGNATURE BLOCK WITH WITNESS ATTEST]